■ BARBARA PURPURA, Respondent-Appellant, v NICHOLAS PURPURA, Appellant-Respondent. [598 NYS2d 538] —In an action for a divorce and ancillary relief, (1) (a) the defendant former husband appeals, as limited by his notice of appeal and brief, from stated portions of a judgment of the Supreme Court, Richmond County (Sacks, J.H.O.), entered September 14, 1990, which, *inter alia,* (i) declared that a purported 1983 agreement executed between the parties was not a valid separation agreement, (ii) provided for the date of trial, September 7, 1988, as the valuation date, (iii) determined that certain assets were marital property subject to equitable distribution, (iv) provided that the plaintiff former wife's equitable share of certain property received by the defendant former husband from Bear, Stearns & Company was 35%, (v) found that all of the real property held by the parties was marital property subject to equitable distribution, and (vi) awarded counsel fees to the plaintiff, and (b) the plaintiff former wife cross-appeals, as limited by her notice of cross appeal and brief, from stated portions of the same judgment, which, *inter alia,* (i) limited her equitable share of the marital property from Bear, Stearns & Company to 35% of the value of such property, (ii) limited her award of counsel fees to $15,000, (iii) failed to equitably distribute a Citibank bank account, and (iv) limited her award of maintenance to $1,200 per month for two years, (2) (a) the defendant former husband, further appeals, as limited by his brief, from stated portions of an order of the same court, dated January 31, 1991, which, *inter alia,* (i) awarded the former wife a 35% interest in various assets, (ii) awarded the former wife a 50% share of all of the couple's real estate, and (iii) provided for a "post-judgment tax credit," and (b) the plaintiff former wife cross-appeals, as limited by her notice of cross appeal and brief, from so much of the same order as (i) awarded her only 29,109 shares of the subject common stock, (ii) failed to make an equitable distribution of certain "group securities" held by the former husband at the time of the action, (iii) found that the value of the former wife's equitable share in three partnership real estate investments was only $35,000, (iv) imposed upon the plaintiff former wife the burden of sharing 35% of the former husband's tax liability incurred upon his liquidation of certain stock, which

amount was to be deducted from her distributive award, and (v) failed to award her prejudgment interest upon stock and proceeds from the stock, and (3) (a) the plaintiff former wife further appeals from stated portions of an order of the same court, entered August 13, 1991, which, *inter alia,* (i) determined that the defendant former husband's credit for the plaintiff former wife's share of certain taxes imposed upon him was in the amount of $125,378, and (ii) failed to award her prejudgment interest upon assets liquidated by him, and (b) the defendant former husband cross-appeals from so much of the same order as limited the amount of his tax credits to $130,395, and directed that an undertaking now on deposit with the New York City Department of Finance be reduced by that amount.

Ordered that the judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements, and it is further,

Ordered that the order dated January 31, 1991, is affirmed insofar as appealed and cross-appealed from, without costs or disbursements; and it is further,

Ordered that the order entered August 13, 1991, is modified, on the law and the facts, by deleting so much of the last decretal paragraph thereof as directed that the undertaking on deposit with the New York City Department of Finance be reduced by $130,395 and substituting therefor a provision that the undertaking is to be reduced by $140,292; as so modified, the order entered August 13, 1991, is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The plaintiff former wife and the defendant former husband were married in July 1967. In 1967, the husband was working as a clerk in the brokerage house of Bear, Stearns & Company and the former wife was employed at Chemical Bank. The couple had no assets to speak of at the time of their marriage. While the former wife ceased work after three years, upon the birth of the couple's daughter, the husband remained at Bear, Stearns & Company (hereafter referred to as the firm) and worked his way up to becoming a trader, then a limited partner in May 1976, and ultimately, a general partner in the firm on May 1, 1981.

Meanwhile, the couple was experiencing marital difficulties at home. In early October 1983 the husband moved out of the marital premises, into a newly-purchased home financed, in

principal part, with funds obtained by using the marital premises as collateral and with the former wife cosigning on the loan.

Prior to the husband's departure from the marital residence, the parties had signed a letter agreement which indicated that, upon the husband's departure from the "family domicile", he would pay the former wife a certain sum of money per month, for life, as well as paying the mortgage, taxes, and insurance upon the former marital residence. This agreement was signed on October 5, 1983, and it is this document which the defendant husband sought to have declared a separation agreement for purposes of determining the "cut-off" point for the identification of marital property.

However, as the trial court correctly found, this document could not serve as a separation agreement, since it contained no acknowledgement (see, Domestic Relations Law § 170 [6]; § 236 [B]). Further, the document made no provision for the distribution of marital property. Accordingly, the trial court properly determined, as provided in the Domestic Relations Law, that the couple's marital property would be defined, not as of the date of that document, but, rather, as of the date of the commencement of the action, which was July 2, 1985.

This being the case, much of the property which the defendant former husband sought to have declared his separate property is, indisputably, marital property. Included among the marital property are the premises purchased by the defendant in October 1983 as well as the defendant's partnership interests in the firm, which greatly increased in value upon the event of its "going public" on or about October 29, 1985.

The defendant former husband further finds error with the trial court's selection of the date of the commencement of trial, September 7, 1988, as the marital property valuation date. As this Court has repeatedly indicated, there is no one particular date for valuation which is preferable; rather, the valuation date is to be selected "in light of the particular circumstances presented" (Siegel v Siegel, 132 AD2d 247, 249; Wegman v Wegman, 123 AD2d 220, 236, remittitur amended 123 AD2d 238). We perceive no impropriety in the trial court's selection of the date of the trial as the valuation date in the matter at bar and we decline to hold that the selection of this valuation date constituted an improvident exercise of discretion.

Turning now to certain of the plaintiff former wife's conten-

tions, we do not find that the court's allocation to the former wife of 35% of what amounted to the bulk of the marital assets was an improper or inequitable distribution. As has been often observed, "equitable distribution does not necessarily mean equal distribution" *(Greenwald v Greenwald,* 164 AD2d 706, 713), and, under the facts of this case, the trial court did not err in failing to award the former wife 50% of all of the marital assets, notwithstanding the length of the couple's marriage *(cf., Miller v Miller,* 128 AD2d 844, 845).

We further find that it was not error for the court to allow the defendant former husband a credit against the former wife's distributive award for her proportionate share of tax liabilities borne by him upon the marital property *(see, Greenwald v Greenwald, supra,* at 719-720; *see also, Zelnik v Zelnik,* 169 AD2d 317, 337). However, in so holding, we take the opportunity to note that the order in which the defendant former husband was awarded such tax credits contains a computational error. The total sum of such credits should be $140,292, not the amount of $130,395 stated in the order entered August 13, 1991. Accordingly, we have modified the order to reflect the proper total amount of the credit.

We have examined the parties' remaining contentions and find none warrant further relief herein. Bracken, J. P., O'Brien, Ritter and Copertino, JJ., concur.