■ SUSAN FINKELSON, Respondent, v ALLEN FINKELSON, Appellant. [657 NYS2d 629] —Judgment, Supreme Court, New York County (Sherry Klein Heitler, J.), entered September 27, 1996, *inter alia*, distributing the parties' marital property upon the order of the same court (Richard Andrias, J.), entered July 10, 1996, unanimously modified, on the law and the facts, to credit defendant husband $150,720 paid for marital income taxes and $84,135 paid for marital capital gains taxes, and otherwise affirmed, without costs. The appeal from the order is unanimously dismissed, without costs, as superseded by the appeal from the judgment.

The IAS Court properly exercised its discretion in dividing the marital property equally after considering the factors

enumerated in Domestic Relations Law § 236 (B). The husband's contention that the division of property deprived him of his 50% share thereof since the assets awarded him were either illiquid or fictitious while those awarded the wife were liquid is without merit. The marital residence awarded the wife, where she will live with the parties' two children, is not a liquid asset since it is not easily sold, and if it were sold, the wife would have to pay for another home in which to live with the children (*see, Brandt v Brandt*, 176 AD2d 1016, 1017). Nor is there merit to the husband's contentions that his partnership interest in a law firm is a fictional asset (*see, McSparron v McSparron*, 87 NY2d 275, 286), and that a portion of his partnership death benefit was passive appreciation not subject to distribution (*see, Anonymous v Anonymous*, 222 AD2d 305). Moreover, in light of the vast difference between the parties' financial circumstances, the husband having a far greater earning capacity than the wife, who has not worked outside the home for a number of years and who cared for a child with special needs, the court properly awarded her the more liquid assets since the husband is more able to restore liquidity from current earnings. The awards of maintenance and child support were neither excessive in duration or amount nor duplicative of the distribution of the value of the husband's partnership interest (*see, Matter of Cassano v Cassano*, 85 NY2d 649; *McGarrity v McGarrity*, 211 AD2d 669), and properly took into account the length of the parties' 17-year marriage, the ages of their children, the fact that the wife's attentions are mostly directed to the child with special needs, the wife's inability to be financially independent, the husband's current earnings and earnings potential, the marital property distributed and the predivorce standard of living (*Hartog v Hartog*, 85 NY2d 36), in fashioning an appropriate award. Nor is there reason to disturb the award of counsel and expert fees to the wife (*see, DeCabrera v Cabrera-Rosete*, 70 NY2d 879). However, the husband's request for a credit for his payment of $150,720 in marital income taxes and $84,135 in capital gains taxes on the sale of the parties' Connecticut residence should have been granted (*see, Purpura v Purpura*, 193 AD2d 793, 796, *lv denied and appeal dismissed* 82 NY2d 703; *Elmore v Elmore*, 208 AD2d 1134), and we modify accordingly.

We have considered the husband's remaining contentions and find them to be without merit. Concur—Sullivan, J. P., Milonas, Rosenberger and Rubin, JJ.