■ MARYA T. COBURN, Respondent-Appellant, v RICHARD COBURN, Appellant-Respondent. [752 NYS2d 319] —Order, Supreme Court, New York County (Joan Lobis, J.), entered on or about April 7, 2000, which denied defendant's motion for a downward modification of his temporary maintenance obliga-

tion, and judgment, same court and Justice, entered July 10, 2001, which, inter alia, awarded plaintiff maintenance of $20,000 per month and equitably distributed the parties' marital property, unanimously affirmed, without costs.

No basis exists for disturbing the trial court's award of both temporary maintenance and maintenance in the amount of $20,000 per month, which properly considered, among other things, the duration of the marriage, the distribution of the marital assets, the parties' lavish standard of living during the marriage, their income, property and present and future earning capacity, and plaintiff's reasonable needs and ability to become self-supporting (*see* Domestic Relations Law § 236 [B] [6] [a]; *Hartog v Hartog*, 85 NY2d 36, 50-52; *Allen v Allen*, 275 AD2d 225, *lv denied* 96 NY2d 708). Nor is there basis for disturbing the distribution of marital assets, which properly considered the circumstances of the case and of the respective parties (Domestic Relations Law § 236 [B] [5] [c]), including the award of future maintenance for 10 years. The trial court has great flexibility in fashioning an equitable distribution of marital assets, and equitable distribution does not necessarily mean equal distribution (*see Greenwald v Greenwald*, 164 AD2d 706, 713, *lv denied* 78 NY2d 855). We have considered the parties' other arguments for affirmative relief and find them unavailing. Concur—Williams, P.J., Ellerin, Rubin, Marlow and Gonzalez, JJ.