■ BARBARA PURPURA, Respondent, v NICHOLAS E. PURPURA, Appellant. [794 NYS2d 115]—

In a matrimonial action in which the parties were divorced by a judgment dated September 14, 1990, the defendant appeals from (1) an order of the Supreme Court, Richmond County (Adams, J.), dated January 5, 2004, which denied his motion to vacate prior orders and judgments in this action and for related relief, and (2) a judgment of the same court dated April 15, 2004, which is in favor of the plaintiff and against him in the sum of $7,133 in costs and an attorney's fee, and which imposed a sanction on him in the sum of $1,000.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The appeal from the intermediate order must be dismissed because of the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from judgment (*see* CPLR 5501 [a] [1]).

In a motion purportedly brought pursuant to CPLR 5015, the defendant former husband sought to vacate the parties' 1990 divorce judgment, rendered after trial, this Court's 1993 affirmance thereof (*see Purpura v Purpura*, 193 AD2d 793 [1993]), and all subsequent related orders and judgments, on the ground that the trial court lacked "subject matter jurisdiction" to set the date of commencement of the trial as the date for determining the value of the marital assets.

The Supreme Court properly denied the defendant's motion. The defendant is mistaken in his belief that CPLR 5015 authorizes a lower court to vacate an appellate order. Rather, because the issue of the valuation date for determining marital assets was squarely before this Court and disposed of on a prior appeal (*see Purpura v Purpura, supra* at 795), the doctrine of "the law of the case" applied to preclude relitigation of the issue (*see People v Evans*, 94 NY2d 499, 503 [2000]; *Engel v Eichler*, 300 AD2d 622 [2002]).

Additionally, the Supreme Court properly exercised its discretion in finding that the defendant's filing of a motion for leave to reargue constituted "frivolous conduct," as defined in 22 NYCRR 130-1.1 (c), and, accordingly, in imposing a sanction on him and awarding costs and an attorney's fee to the plaintiff.

The respondent's request for the imposition of a further sanction is denied. Florio, J.P., Adams, Luciano and Skelos, JJ., concur.