

Opinions of the United
States Court of Appeals
for the Third Circuit

3-12-2009

# Nicholas Purpura v. Bushkin Gaimes Gains

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-4732

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Nicholas Purpura v. Bushkin Gaimes Gains" (2009). *2009 Decisions*. Paper 1745.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1745

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

CLD-113                                                                NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-4732
_____

NICHOLAS PURPURA,
Appellant

v.

BUSHKIN, GAIMES, GAINS, JONAS & STREAM; MONASCH &
STRAUSS; MONASH, MOSS & STRAUSS; JEFFREY T. STRAUSS;
WATCHEL & GOLD; WATCHEL & MASYR; BARBARA MAIDA;
LESTER SACKS; RACHEL A. ADAMS; JOHN & JANE DOE, et al
_____

Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 08-cv-02974)
District Judge:  Honorable Freda L. Wolfson
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
February 20, 2009

Before:  RENDELL, HARDIMAN and GREENBERG, Circuit Judges

(Filed March 12, 2009 )
_____

OPINION OF THE COURT
_____

PER CURIAM

Nicholas Purpura seeks leave to appeal in forma pauperis from the District Court's

order dismissing his complaint under Rule 12(b)(6). Purpura's motion for leave to proceed in forma pauperis is granted. Because his appeal presents no substantial question, we will summarily vacate and remand with instructions to the District Court to dismiss Purpura's complaint for lack of subject matter jurisdiction for the reasons explained below. See 3d Cir. LAR 27.4 (2008) and I.O.P. 10.6. Purpura's motion to expedite this appeal is denied as moot.

## I.

The parties are all-too-familiar with the background of this case, which arises from over twenty years of matrimonial litigation in the New York state courts. Purpura's former wife filed for divorce in New York state court in 1985. After protracted proceedings, a New York Supreme Court Judicial Hearing Officer finally granted the divorce and ordered the equitable distribution of the parties' assets in an amended judgment issued in 1991. In 1993, the Appellate Division affirmed the judgment and the New York Court of Appeals denied leave to appeal.

Since then, Purpura has filed a legion of motions and appeals in the New York state courts attempting to overturn and prevent execution of the divorce judgment and related orders that have been entered against him. Along the way, New York courts have sanctioned him several times for pursuing a course of litigation that they have deemed "frivolous." Eg., Purpura v. Purpura, 17 A.D.3d 651, 652 (N.Y. App. Div. 2005). Purpura's efforts to overturn the divorce judgement and related orders in New York state

court finally terminated on March 23, 2006, when the New York Court of Appeals issued an order denying his request to rehear its most recent denial of leave to appeal.

In 2008, Purpura filed the complaint at issue here. Purpura's sprawling and vituperative 88-page complaint names as defendants his former wife (Barbara Maida), her attorney (Jeffrey Strauss), Strauss's current and former law firms, the New York Supreme Court Judicial Hearing Officer who entered the divorce decree (the Honorable Lester Sacks), and a New York Supreme Court judge (the Honorable Rachel A. Adams). Purpura styles his complaint as one under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), and alleges generally that all defendants have conspired to use the New York divorce action as a vehicle to fraudulently obtain and enter judgments against him and thereby deprive him of his assets in retaliation for certain "whistle-blowing" activities, which he never identifies. He seeks, in addition to damages, "a judgment invalidating any and all monetary judgments paid to defendant Maida issued by the Courts in the State of New York," Comlp. at 12 ¶ 33, and "[t]he reversal of all judgments related to monies issued by New York State Court's [sic]," id. at 87 ¶ 5.[1]

---

[1]Purpura's prolix complaint does not discuss the New York state proceedings in a coherent manner, and it is impossible to reconstruct from his allegations a precise time line and series of events. In his complaint, however, he specifically takes issue with: (1) an October 14, 1986 order increasing alimony and child support; (2) a November 6, 1986 order restraining his sale of stock; (3) orders awarding his former wife child support and legal fees on February 11, 1987, November 23, 1988, July 13, 1989 and December 18, 1989; (4) Judicial Officer Sacks's September 14, 1990 judgment of divorce and January 31, 1991 amendment thereof; (5) orders either awarding interest on the divorce judgment or affirming or refusing to reconsider such orders dated May 24, 1999, August 25, 1999,

On defendants' motions, the District Court dismissed Purpura's complaint under Rule 12(b)(6) by opinion and order entered November 18, 2008. The District Court concluded that (1) all of Purpura's claims are barred by RICO's four-year statute of limitations, (2) his claims against the New York state judges are barred by the Eleventh Amendment and by judicial immunity, and (3) Purpura had failed to allege either a RICO "enterprise" or "pattern of racketeering activity." (The District Court later reconsidered its decision regarding the "enterprise" element but otherwise declined to reconsider its ruling.) Purpura appeals, and we have jurisdiction pursuant to 28 U.S.C. § 1291.

II.

The District Court thoroughly analyzed Purpura's complaint and Purpura, in response to our notification of potential summary action, has provided no reason to question its conclusions. We, however, have a more fundamental concern with Purpura's complaint. We conclude that it is barred by the Rooker-Feldman doctrine and that the

---

October 26, 1999 and April 28, 2001; (6) a June 19, 2002 order refusing to stay the sale of the parties' residences; (7) orders either awarding attorneys' fees and costs against him as a sanction or affirming or refusing to reconsider such orders dated August 8, 2002, September 26, 2002, and April 15, 2004; (8) a March 9, 2004 order by Judicial Officer Sacks refusing to vacate the divorce judgment on the basis of Purpura's allegations of fraud; (9) orders of the Appellate Division dated August 22, 2005, and October 5, 2005, affirming the Supreme Court's imposition of additional sanctions and refusal to vacate the divorce judgment, allegedly in violation of due process for refusing to consider allegations of fraud; and (10) the New York Court of Appeals' March 23, 2006 refusal to rehear its denial of leave to appeal the Appellate Division's August 22, 2005 ruling. Purpura alleges that each of these rulings was either procured by fraud (such as the presentation of false schedules and perjured testimony), in violation of due process (such as refusals to consider his allegations of fraud), or both.

4

District Court thus lacked subject matter jurisdiction to consider its merits. See United

States v. Higgs, 504 F.3d 456, 457 (3d Cir. 2007) ("This court has an obligation to inquire

sua sponte . . . into the jurisdiction of the District Court to enter the order on appeal.").

"Under the Rooker-Feldman doctrine, a district court is precluded from

entertaining an action, that is, the federal court lacks subject matter jurisdiction, if the

relief requested effectively would reverse a state court decision or void its ruling."

Taliaferro v. Darby Twp. Zoning Bd., 458 F.3d 181, 192 (3d Cir. 2006). The Supreme

Court has emphasized that the scope of this doctrine is narrow, and that it applies only to

"'cases brought by [1] state-court losers [2] complaining of injuries caused by state-court

judgments [3] rendered before the district court proceedings commenced and [4] inviting

district court review and rejection of those judgments.'" Id. (quoting Exxon Mobil Corp.

v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005)).

Though this doctrine is narrow, Purpura's complaint fits squarely within it. First,

he has lost at every level of the New York state courts, including the entry of the divorce

judgment and the many orders and judgments entered against him before and after that.

Second, his complaint seeks redress solely for "injuries" caused by those state court

judgments—i.e., the payments and other property distributions that those judgments have

required him to make. Third, proceedings in New York state court came to a close some

two years before he filed his federal complaint. Finally, success on his claims would

entail a ruling that the state judgments he challenges are invalid because they were the

5

product either of fraud, the denial of due process, or both. Indeed, Purpura expressly "seeks a judgment invalidating any and all monetary judgments paid to defendant Maida issued by the Courts in the State of New York," Comlp. at 12 ¶ 33, and "[t]he reversal of all judgments related to monies issued by New York State Court's [sic]," id. at 87 ¶ 5.[2]

In sum, Purpura's complaint is precisely the kind of action that the Rooker-Feldman doctrine is designed to preclude. Accordingly, because the District Court lacked subject matter jurisdiction, we must vacate and remand. On remand, the District Court is directed to enter an order dismissing Purpura's complaint for lack of subject matter

---

[2]Although the District Court did not apply the Rooker-Feldman doctrine, Purpura argues at some length in his summary action response that it does not apply to his complaint. Purpura argues that the New York courts never adjudicated his allegations of fraud or the denial of due process, and that the Rooker-Feldman doctrine thus did not preclude the District Court from reaching those issues. Purpura relies on Whiteford v. Reed, 155 F.3d 671 (3d Cir. 1998). In that case, we reversed the dismissal under the Rooker-Feldman doctrine of a complaint challenging the constitutionality of a state statute when the state courts had not reached that issue and the plaintiff's state-court appeal had been rejected solely for his failure to comply with the rules of appellate procedure. We explained that consideration of the constitutional issue thus would not "require the district court 'to determine that the state court's decision was wrong or to void the state court's ruling,'" because resolution of the constitutional issue would say nothing about the state court's application of the rules of appellate procedure. Id. at 674 (citation omitted). Here, by contrast, Purpura alleges that the various New York state decisions were all wrongly-decided, either because they were procured by fraud with the judges' acquiescence, in violation of due process, or both. Thus, even if he is right that the New York courts have not considered these allegations (and they say they have, see, e.g., Purpura v. Purpura, 21 A.D.3d 542, 542 (N.Y. App. Div. 2005) (affirming Judicial Hearing Officer Sacks's ruling "that the issues raised in defendant's underlying motion have been 'thoroughly reviewed by all level of the court and found groundless'")), these allegations plainly would entail the rejection of the state court judgments. If there were any doubt on this point, Purpura expressly requests that very relief in his complaint. See Comlp. at 12 ¶ 33, 87 ¶ 5.

6

jurisdiction for the reasons explained in this opinion.

On a final note, we urge Mr. Purpura to carefully consider the potential consequences of continuing to pursue this matter. The New York state courts already have sanctioned him numerous times for what they perceived to be frivolous and abusive litigation. The District Court denied certain defendants' requests to sanction him again and to enjoin him from filing additional claims in federal court. That ruling is not before us for review, but we note that it showed restraint. We likewise decline to consider imposing sanctions sua sponte at this time. If Purpura continues his abusive and vexatious litigation in this Circuit, however, any future requests for sanctions may well find a sympathetic ear.