■ Jayne Bayer, Respondent, v Steven A. Bayer, Appellant. [914 NYS2d 169]—

Judgment, Supreme Court, New York County (Saralee Evans, J.), entered April 22, 2009, dissolving the parties' marriage, and, to the extent appealed from as limited by the briefs, ordering equitable distribution of the marital assets, and awarding plaintiff lifetime maintenance and attorney's fees; and order, same court and Justice, entered November 12, 2009, denying defendant's motion seeking a modification of judgment and the imposition of sanctions, and granting plaintiff's cross motion for attorney's fees, unanimously affirmed, without costs.

When ordering equitable distribution, the Supreme Court did not err by overlooking the tax consequences impacting plaintiff's receipt of fifty percent of monies which defendant had earned in the fiscal quarter preceding commencement of the divorce action, as defendant failed to present evidence from which the court could determine the amount of such taxes (*see D'Amico v D'Amico*, 66 AD3d 951 [2009]; 1 Tippins, New York Matrimonial Law and Practice § 11:3 [2010]).

The Supreme Court providently exercised its discretion by *awarding plaintiff 35% of defendant's enhanced earnings capacity*. The record on appeal clearly demonstrates plaintiff's economic and noneconomic contributions to defendant's acquisition of a medical license and his subsequent lucrative career, as well as the termination of her own career in order to maintain the marital household, and her absence from the job market during marriage (*see Holterman v Holterman*, 3 NY3d 1, 8-9 [2004]).

We perceive no basis for disturbing the Supreme Court's award of lifetime maintenance in the amount of $10,000 per month, which properly took into account, inter alia, the marriage's duration; the distribution of marital assets; the parties'

lavish standard of living before dissolution; their income potentials, property and future earning capacity; and plaintiff's reasonable needs and ability to become self-supporting (*see Hartog v Hartog*, 85 NY2d 36, 51-52 [1995]; *Coburn v Coburn*, 300 AD2d 212, 213 [2002]).

The Supreme Court properly declined defendant's request for a credit based upon tax payments he claimed to have made with funds earned postcommencement, which he argued had lowered the parties' joint income tax arrears and the amount of tax liens encumbering the marital residence. Defendant failed to adequately establish that the purported payments were made with funds earned after commencement of the divorce action, and had been paid to satisfy joint tax obligations (*see Higgins v Higgins*, 50 AD3d 852, 853-854 [2008]).

The record on appeal fails to support defendant's argument that the Supreme Court's judgment awarded attorney fees to plaintiff which were in addition to an earlier pendente lite fee payment. Plaintiff's motion for fees specifically sought an amount which had been adjusted downward to account for the pendente lite payment.

Having reviewed the record, we are satisfied that the Supreme Court did not err by granting plaintiff's cross-motion for attorney's fees in connection with her opposition to defendant's postjudgment motion for modification (*see DeCabrera v Cabrera-Rosete*, 70 NY2d 879, 881 [1987]), or by denying defendant's request for sanctions due to alleged frivolous conduct (*see Edwards v Edwards*, 165 AD2d 362, 366 [1991]). Concur—Gonzalez, P.J., Mazzarelli, Moskowitz, Acosta and Román, JJ.