Judgment, Supreme Court, New York County (Laura E. Brager, J.), entered May 20, 2011, to the extent appealed from *444 as limited by the briefs, awarding plaintiff an interest in Bambú Sales, Inc., maintenance including $5,000 per month for life, to begin in 2018, and counsel and expert fees, unanimously modified, on the law and the facts, to delete the decretal paragraph directing defendant to transfer shares of Bambú to plaintiff, and to remand for a hearing on the issue of the jewelry as provided herein and otherwise affirmed, without costs.
Contrary to the trial court’s finding, defendant rebutted the presumption that the shares of Bambú that he acquired in 1994 were marital property. The uncontradicted testimony of two witnesses established that defendant’s mother paid for the shares that were transferred to defendant. The court did not call into question the credibility of this testimony, but erroneously concluded that the testimony was not sufficient to meet defendant’s burden of proving that the acquired shares were a gift resulting in separate property (see Fields v Fields, 15 NY3d 158, 163 [2010]). There is no basis in the record to disturb the court’s crediting of defendant’s mother’s testimony explaining that the 1991 transfer of shares was a gift resulting in separate property (see Winter v Winter, 50 AD3d 431, 432 [2008]). In addition, given the credited testimony as to defendant’s minimal involvement in Bambú, the court correctly found that plaintiff failed to meet her burden of showing that she is entitled to a portion of any appreciation in the value of defendant’s shares in Bambú (see Hartog v Hartog, 85 NY2d 36, 46 [1995]).
There is no basis for disturbing the maintenance award, including the award of lifetime maintenance in the amount of $5,000 per month, to commence in 2018. The court properly took into account, among other things, the duration of the marriage, the distribution of marital assets, the parties’ comfortable standard of living during the marriage, their respective income potentials, property, and future earning capacities, and plaintiffs reasonable needs and ability to become self-supporting (see Domestic Relations Law § 236 [B] [6]; Bayer v Bayer, 80 AD3d 492, 492-493 [2011]; Pickard v Pickard, 33 AD3d 202, 204 [2006], appeal dismissed 7 NY3d 897 [2006]). Nor is there a basis for disturbing the award of counsel and expert fees to plaintiff (see DeCabrera v Cabrera-Rosete, 70 NY2d 879 [1987]; Finkelson v Finkelson, 239 AD2d 174 [1997]).
We remand to Supreme Court to make a determination on the issue of which items of jewelry are plaintiffs separate property.
We have considered plaintiffs remaining contentions and find them unavailing. Concur — Gonzalez, P.J., Friedman, Renwick, Manzanet-Daniels and Roman, JJ.
*445 Motions for sanctions and to strike a portion of reply brief denied.