■ BARBARA STEWART, Appellant, v WILLIAM STEWART, Respondent. [20 NYS3d 35]—

Judgment of divorce, Supreme Court, New York County (Ellen Gesmer, J.), entered April 30, 2014, among other things, equitably distributing the marital estate, denying plaintiff wife's request for maintenance, and denying plaintiff's request for an additional award of counsel fees, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered January 14, 2014, which confirmed a special referee's report in part and rejected it in part, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

The court's unequal distribution of the marital property in favor of defendant husband was amply supported by the record and was a provident exercise of the court's discretion (Domestic Relations Law § 236 [B] [5] [d]; *see Holterman v Holterman*, 3 NY3d 1, 8 [2004]). The court issued a careful, comprehensive decision addressing all relevant factors, including plaintiff's egregious economic fault in claiming to have given away jewelry and property worth over $10 million, failing to disclose her offshore and foreign accounts, and secreting millions more in assets (*see id.; see also Maharam v Maharam*, 245 AD2d 94, 94-95 [1st Dept 1997]). The award to plaintiff is not "cashless"; rather, it includes many valuable assets that will be sold (including luxury vehicles, a Swiss chalet and its contents, and a Bermuda estate and its contents), with the net proceeds equally divided by the parties.

Further, the court awarded plaintiff $4,207,775 in Agravina stock, which can be sold to third parties so long as they are first offered to other shareholders. We find no merit to plaintiff's current claim that the court erred in distributing the Agravina shares because the shares' value was not established at trial. The evidence shows that the parties agreed to adopt their son-in-law's valuation of the shares.

The court also awarded plaintiff jewelry valued at $8,520,000. The evidence does not support plaintiff's claim that she transferred the jewelry to an entity named Topaze or to her daughter-in-law. The evidence shows that plaintiff had assembled a jewelry collection worth over $18 million, which she kept in Switzerland and New York. While she testified that she gave her jewelry to Topaze or her daughter-in-law, she presented no documents showing a transfer. Further, as the Referee noted, if she did transfer the jewelry, it constitutes an improper dissipation of a marital asset.

The court properly accepted the jewelry appraisal based on a "hypothetical fair market valuation." Plaintiff cannot complain about this valuation method, since she secreted the very jewelry she now complains is missing from the valuation.

The court awarded plaintiff two Swiss chalets worth a total of nearly $4 million. The Referee's credibility findings, including his determination that plaintiff was not credible regarding her purported transfer of one of the chalets, was properly accepted by the court (*see Gass v Gass*, 42 AD3d 393, 393-394 [1st Dept 2007]). In any event, the documentary evidence does not support her claim, and if the claimed transfer took place, it was an improper dissipation of a marital asset.

The court properly distributed all personalty that was found

to be marital property. The remaining personalty—including personalty located in Manhattan apartments, a Maine estate, and on the parties' yacht—was the property of the parties' trusts, which plaintiff admitted and which the evidence demonstrates to be the case.

The court's denial of a maintenance award to plaintiff was supported by the record and was a provident exercise of its discretion (*Naimollah v De Ugarte*, 18 AD3d 268, 271 [1st Dept 2005]). The court considered the relevant factors (*see* Domestic Relations Law § 236 [B] [6] [a]), including the marital standard of living, the length of the marriage and age of the parties, that plaintiff would continue to receive substantial income from her ownership interest in Agravina and from the parties' Income Trust, that she was to receive millions of dollars of assets in equitable distribution, and that she had secreted millions more in marital assets (*see Bayer v Bayer*, 80 AD3d 492, 492-493 [1st Dept 2011]; *Hartog v Hartog*, 85 NY2d 36, 51-52 [1995]).

After considering the financial positions of the parties and the circumstances of the case, the court providently exercised its discretion in denying plaintiff's request for an additional award of counsel fees beyond the $410,000 defendant has already paid (*see* Domestic Relations Law § 237; *Johnson v Chapin*, 12 NY3d 461, 467 [2009]).

We have considered plaintiff's remaining contentions and find them unavailing. Concur—Gonzalez, P.J., Sweeny, Manzanet-Daniels and Kapnick, JJ.