■ In the Matter of JOSEPH MOTTA, Respondent, v JACQUELIN MOTTA, Appellant. [43 NYS3d 336]—

Judgment of divorce, Supreme Court, Bronx County, Integrated Domestic Violence Part (Diane R. Kiesel, J.), entered April 20, 2016, which, inter alia, granted plaintiff a divorce on the ground of irreconcilable differences, pursuant to Domestic Relations Law § 170 (7), and directed the listing and sale of the former marital residence with net proceeds to be divided equally between the parties, unanimously affirmed, without costs. Appeals from orders, same court and Justice, entered on or about June 25, 2015, which, inter alia, precluded defendant from introducing evidence in response to discovery demands and purportedly directed her to pay legal fees of $39,000 to plaintiff Joseph Motta's counsel; and on or about December 16, 2015, which determined equitable distribution of the marital assets, unanimously dismissed, without costs, as subsumed in the appeal from the judgment of divorce.

There is no basis for disturbing the distribution of marital assets, since the court, after a trial, properly considered the circumstances of the case and of the respective parties (Domestic Relations Law § 236 [B] [5] [c]). "The trial court has great flexibility in fashioning an equitable distribution of

marital assets, and equitable distribution does not necessarily mean equal distribution" (*Coburn v Coburn*, 300 AD2d 212, 213 [1st Dept 2002]; *see Greenwald v Greenwald*, 164 AD2d 706, 713 [1st Dept 1991], *lv denied* 78 NY2d 855 [1991]), and thus, the court's determination that the former marital home be sold with the net proceeds equally distributed between the parties is amply supported.

Contrary to defendant's contention, the court was not obligated to grant a judgment of divorce on the ground of cruel and inhuman treatment, and properly granted plaintiff a judgment of divorce on the ground of irreconcilable differences, pursuant to Domestic Relations Law § 170 (7), since his statement under oath that the marriage was irretrievably broken for a period of six months was sufficient to establish his cause of action as a matter of law (*see Hoffer-Adou v Adou*, 121 AD3d 618, 619 [1st Dept 2014]).

Defendant's argument that the court improperly directed her to pay legal fees of $39,000 to plaintiff's counsel merely reflects her misunderstanding of the June 25, 2015 order, in which the court denied that branch of the husband's motion that sought attorneys' fees, finding, inter alia, that plaintiff was the "monied spouse." No judgment in the amount of $39,000 was entered against defendant for plaintiff's legal fees; the judgment she referenced is a confession of judgment executed by plaintiff in favor of his own counsel.

To the extent defendant argues that the court improperly precluded her from providing responses to plaintiff's second discovery requests, we reject such argument. Defendant failed to timely comply with the court's discovery deadlines, and neither sought an extension of time to reply nor objected to any of the demands. When she finally did comply, she failed to address her tardiness, let alone proffer any reason for it, and thus, the court found that without an excuse for her delay, the reasonable inference was that her conduct was willful (*see Siegman v Rosen*, 270 AD2d 14, 15 [1st Dept 2000]).

We have considered defendant's numerous remaining contentions and find them unavailing. Concur—Acosta, J.P., Andrias, Moskowitz, Gische and Webber, JJ.