**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-1107
_____

MARTIN S. PARNESS,
                                        Appellant
v.

CHRISTOPHER J. CHRISTIE, Governor, State of New Jersey, in his official capacity,
and in his individual capacity; SUE MARY CHRISTIE, being fictitious wife's name yet
known, husband and wife et al.; JOHN DOES 1-75, being fictitious names of persons yet
identified; names of individuals, sole proprietorships, partnerships and/or trusts,
Corporations, who were owned, or are controlled either as trustee and/or fiduciary,
constructively, or otherwise, or as executor, etc.; JANE DOES (1-50) being fictitious
names of persons not yet identified; ROBIN TINA, Formerly Parness; MARTIN
LIPSON, Wife and husband et al; JOHN DOES 1-750; JANE DOES 1-75, being
fictitious names of persons yet identified; names of individuals, sole proprietorships,
partnerships and/or trust, Corporations, who were owned, or are controlled either as
trustee and/or fiduciary, constructively, or otherwise, or as executor, etc.; ROBIN AND
MARTIN LIPSON, Individually, and or as husband and wife; MICHAEL HORT,
Husband; SUSAN HORT; ROBIN LIPSON, Wife
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civ. No. 2-15-cv-03505)
Chief District Judge: Honorable Jose L. Linares
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 13, 2018

Before: VANASKIE, COWEN and NYGAARD,  Circuit Judges

(Opinion filed: September 11, 2018)

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

_____

OPINION*

_____

PER CURIAM

Martin Parness appeals from an order of the District Court dismissing his post-judgment amended complaint. For the reasons that follow, we will affirm.

In April 2003, Parness's ex-wife filed an action in the Superior Court of New Jersey, Essex County, Chancery Division-Family Part, seeking $341,500 which she asserted Parness owed her in alimony, child support, and outstanding debt from the divorce. Judgment was entered in her favor and a warrant for Parness's arrest for civil contempt was issued. Because Parness resided in Israel at the time, the judgment and order were not enforced against him until 2009 when he returned to New Jersey. "Due to his refusal to pay the judgment or to comply with court orders directing that he take specific steps to enable [his ex-wife] to collect the judgment," Parness "has spent years in the Essex County Jail." Parness v. Parness, 2017 WL 6421053 (N.J. Super. Ct., App. Div. Dec. 18, 2017) (per curiam).

On or about April 27, 2015, Parness filed a pro se complaint against numerous defendants in the United States District Court for the Southern District of New York, which was transferred to the District of New Jersey. Parness alleged three separate conspiracies by the defendants, all of which he claimed violated the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(c) and (d). As determined

2

by the District Court, the first conspiracy arose out of injuries that occurred prior to Parness's incarceration for civil contempt in 2009.  The second conspiracy came into being when Parness's ex-wife and her family allegedly bribed several attorneys and two New Jersey Superior Court judges who heard Parness's case between 2003 and 2012, ultimately resulting in the contempt order under which he was then incarcerated.  This second conspiracy also included judges and employees of both the Essex County Family Part Court and the New Jersey Appellate Division which upheld Parness's incarceration through 2013.  The third conspiracy concerned the alleged bribery of then New Jersey Governor Chris Christie by Parness's ex-wife.  Parness alleged that Christie conspired with several attorneys general, several United States attorneys, and the Chief Justice of the New Jersey Supreme Court, to close any and all judicial avenues of relief to him following his loss in the trial courts in 2012.  Parness also alleged violations of his civil rights, 42 U.S.C. § 1983.  The District Court granted Parness's motion to proceed in forma pauperis, 28 U.S.C. § 1915(a).

In an order entered on August 20, 2015, the District Court dismissed the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) without prejudice for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted.  Noting that RICO claims are subject to a four-year statute of limitations, see Mathews v. Kidder, Peabody, & Co., 260 F.3d 239, 244-45 (3d Cir. 2001), the Court held that the complaint was time-barred as to the first conspiracy because Parness knew of the injury he suffered allegedly as a result of that conspiracy, as well as his ex-wife's involvement in that loss, by the time he was arrested in 2009.  The Court further held that certain of Parness's §

3

1983 claims also were time-barred. With respect to the RICO claims pertaining to the second and third conspiracies which were not time-barred, and certain of Parness's timely § 1983 claims, the Court dismissed the complaint for lack of subject matter jurisdiction under the Rooker-Feldman doctrine, see District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923). The Court reasoned that a judgment in favor of Parness would impugn the state courts' previous judgments. Parness did not appeal the District Court's order.

On or about April 28, 2017, about 20 months later, Parness filed a new complaint in the Southern District of New York. Although the new complaint contained some additional information, it was essentially the same as the complaint which had previously been dismissed by the District Court. This matter also was transferred to the District of New Jersey and filed by the Clerk of the District Court under a new docket number, D.C. Civ. No. 17-cv-04029. Parness was granted leave to proceed in forma pauperis.

The District Court reviewed the new complaint, decided to treat it as an amended complaint in the original matter, and directed the Clerk to refile it under the original civil docket number and reopen that matter.[1] In an order entered on December 20, 2017, the District Court dismissed the amended complaint under 28 U.S.C. § 1915(e)(2)(B),

---

[1] The District Court invoked its inherent power over its docket, see Eash v. Riggins Trucking, Inc., 757 F.2d 557, 567 (3d Cir. 1985), to make the transfer and reopen Parness's original action. Once judgment has been entered, however, "it is Rules 59 and 60 that govern the opening of final judgments." Ahmed v. Dragovich, 297 F.3d 201, 207-08 (3d Cir. 2002). Although a Rule 59(e) motion would not have been timely here, Fed. R. Civ. P. 59(e) (motion must be filed with 28 days of judgment), we conclude that the District Court's discretion under Rule 60(b)(6) would extend to reopen Parness's original action in order to consider his amended complaint.

because, as before, the claims were either time-barred, failed to state a claim for relief, or because the Court lacked subject matter jurisdiction pursuant to <u>Rooker</u>-<u>Feldman</u>.

Parness appeals. We have jurisdiction under 28 U.S.C. § 1291. We may affirm the judgment of the District Court on any basis which finds support in the record. <u>See</u> <u>Bernitsky v. United States</u>, 620 F.2d 948, 950 (3d Cir. 1980).

We will affirm. Section 1915(e)(2)(B) directs district courts to *sua sponte* dismiss any <u>in</u> <u>forma</u> <u>pauperis</u> complaint claim that is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief, 28 U.S.C. § 1915(e)(2)(B). Here, the District Court determined that the amended complaint could not proceed under § 1915(2)(B)(ii) and Rule 12(b)(6). A Rule 12(b)(6) motion tests the sufficiency of the factual allegations contained in the amended complaint. <u>See</u> <u>Kost v. Kozakiewicz</u>, 1 F.3d 176, 183 (3d Cir. 1993). A motion to dismiss should be granted if the plaintiff is unable to plead "enough facts to state a claim to relief that is plausible on its face." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007). Although factual averments must be accepted as true, legal conclusions are disregarded. <u>See</u> <u>Fowler v. UPMC Shadyside</u>, 578 F.3d 203, 210-11 (3d Cir. 2009).

The District Court properly determined that the amended complaint was time-barred as to the first RICO conspiracy, <u>see</u> <u>Mathews</u>, 260 F.3d at 244-45; that certain of Parness's § 1983 claims either were time-barred because they are subject to New Jersey's two-year statute of limitations for personal injury actions, <u>see</u> N.J. Stat. Ann. § 2A:14-2(a); <u>Cito v. Bridgewater Township Police Dep't</u>, 892 F.2d 23, 25 (3d Cir. 1989), or failed to state a claim for relief; and that Parness could not proceed under the Foreign

5

Sovereign Immunities Act. The District Court also properly declined to exercise supplemental jurisdiction over Parness's state law claims. To the extent that Parness has challenged these determinations in his brief on appeal, we find his arguments unpersuasive.[2]

We write only to address the District Court's Rooker-Feldman analysis. In his pro se brief on appeal, Parness argues that, in declining to exercise subject matter jurisdiction over certain claims in his amended complaint, the District Court relied on decisions of this Court which are no longer good law. Appellant's Brief, at 15-16. Parness's remaining RICO conspiracy and related § 1983 allegations concerned a conspiracy of federal and state actors to secure and collect on a judgment against him in favor of his ex-wife following his arrest for contempt of court in 2009, and keep him imprisoned based on that judgment. In reviewing the amended complaint, the District Court determined that Parness's second set of RICO claims and related § 1983 claims essentially sought the undoing of the state court judgments against him and that he could only succeed on the claims if the Court found that the state court judgments were the product of fraud and bribery, the denial of Parness's due process rights, or both. Such a judgment would impugn the state court judgments, the Court found, and thus, pursuant to Taliaferro v.

---

[2] We agree with the District Court that the RICO claim pertaining to the first conspiracy accrued by August, 2010 at the latest -- and thus more than four years before the original complaint was filed -- when Parness sent a letter to two of the defendants identifying his ex-wife's alleged embezzlement and fraud. We reject as meritless Parness's argument, see Appellant's Brief, at 23, that it did not accrue until July, 2011; thus we need not address the District Court's alternative holding that the filing of original complaint did not toll the running of the statute of limitations for the claims asserted in the amended complaint.

6

Darby Township Zoning Bd., 458 F.3d 181, 192 (3d Cir. 2006), and our not precedential decision in Purpura v. Bushkin, Gaimes, Gains, Jonas & Stream, 317 F. App'x 263, 265 (3d Cir. 2009), subject matter jurisdiction in the federal courts was lacking.

We agree with the District Court. "Under the Rooker-Feldman doctrine, a district court is precluded from entertaining an action, that is, the federal court lacks subject matter jurisdiction, if the relief requested effectively would reverse a state court decision or void its ruling." Taliaferro, 458 F.3d at 192. The scope of the doctrine is narrow and applies only to cases brought by (1) state-court losers (2) complaining of injuries caused by state-court judgments (3) rendered before the district court proceedings commenced and (4) inviting district court review and rejection of those judgments. Id. (citing Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280, 284 (2005)). Parness argues that the District Court should have applied Great Western Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 165 (3d Cir. 2010), where we held that courts should not rely on the "inextricably intertwined" formulation in their jurisdictional analyses and should instead use the four-part Exxon Mobil test to determine whether subject matter jurisdiction is lacking. In In re: Philadelphia Entertainment & Development Partners, 879 F.3d 492, 499-500 (3d Cir. 2018), we reaffirmed that, when a plaintiff attempts to re-litigate matters, a federal court has jurisdiction as long as the plaintiff presents some independent claim, even if that claim denies a legal conclusion reached by the state court. We nonetheless conclude that the District Court, when its analysis is considered in its entirety, applied the correct standard and properly arrived at the conclusion that Parness's amended complaint fits squarely within Rooker-Feldman.

7

For the foregoing reasons, we will affirm the order of the District Court dismissing Parness's amended complaint.