Motta v Motta (2021 NY Slip Op 01486)





Motta v Motta


2021 NY Slip Op 01486


Decided on March 11, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 11, 2021

Before: Webber, J.P., Kern, Scarpulla, Mendez, JJ. 


Index No. 3360/11 Appeal No. 13326-13327 Case No. 2019-04592, 2019-5409 

[*1]Joseph Motta, Plaintiff-Respondent,
v
Jacquelin Motta, Defendant-Appellant. 


Jacquelin Motta, appellant pro se.



Order, Supreme Court, Bronx County (Robert E. Torres, J.), entered on or about April 18, 2019, which, inter alia, rendered an accounting of amounts to be distributed from the proceeds of the sale of the parties' former marital residence, including amounts to be paid to the court-appointed receiver, and order, same court and Justice, entered on or about September 16, 2019, which, after a hearing, held defendant wife in criminal contempt for failing to obey a prior order prohibiting commencement of further actions subject to, inter alia, the payment of outstanding child support arrears and costs borne by the receiver, unanimously affirmed, without costs.
The judgment of divorce issued in April 2016, directed the wife to pay child support as directed in a prior Family Court order which imputed income to the wife and ordered the parties to cooperate in the sale of the former marital residence, with proceeds to be divided equally between them. After the judgment was affirmed (145 AD3d 560 [1st Dept 2016]), plaintiff husband sought appointment of a receiver to sell the marital residence as the wife had resisted leaving the premises. A receiver was appointed in March 2017, pursuant to an order that permitted him to incur legal fees necessary to accomplish his duties at the wife's expense.
The property was eventually sold, and the husband and receiver sought an accounting, based on affidavits and evidence detailing how the wife delayed the process, which included interference with potential purchasers and commencing numerous lawsuits, including an action against the presiding justice, the receiver, and other court personnel, which was ultimately dismissed (see Motta v Kiesel, 179 AD3d 439 [1st Dept 2020]). The court properly found that the receiver met his burden to justify the accounting with itemized information substantiating the expenses associated with selling the marital premises, including the legal costs incurred in defending against the wife's meritless actions in connection with his role as receiver (see Matter of Silverstein v Goodman, 113 AD3d 539, 540 [1st Dept 2014]). Considering the relative merit of the parties' positions and the litigation caused by the wife's conduct, and the legal costs the wife's conduct caused the husband to incur, the court did not improvidently exercise its discretion in awarding the husband's counsel legal fees out of the sale proceeds (Domestic Relations Law § 237[b]; see DeCabrera v Cabrera-Rosete, 70 NY2d 879, 881 [1987]; Chamberlain v Chamberlain, 24 AD3d 589, 595 [2d Dept 2005]).
With respect to the appeal from the criminal contempt finding and the distribution of proceeds from the sale of the marital property, the court found by clear and convincing evidence, following a hearing, that the wife intentionally disobeyed a clear and lawful order restraining her from commencing further proceedings related to the court's rulings, and the wife has raised no arguments to warrant reversal (see Judiciary Law §§ [*2]756, 753; El-Dehdan v El-Dehdan, 26 NY3d 19, 29 [2015]).
We have considered the wife's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 11, 2021