■ Charter Realty & Development Corporation, Respondent, v New Roc Associates, L.P., Appellant. [739 NYS2d 456] —In an action to recover a brokerage commission, the defendant appeals from an order and judgment (one paper) of the Supreme Court, Westchester County (DiBlasi, J.), dated November 29, 2000, which upon, in effect, granting the plaintiff's motion for leave to enter a judgment against it upon its default under a stipulation entered into between the parties, is in favor of the plaintiff and against it in the principal sum of $131,140.

Ordered that the order and judgment is affirmed, with costs.

The plaintiff, Charter Realty & Development Corporation, a real estate brokerage firm, entered into a written Commission Agreement with the defendant, New Roc Associates, L.P., an owner of the premises known as New Roc City, a shopping mall/entertainment complex located in New Rochelle. Pursuant to the terms of the Commission Agreement, the defendant agreed to pay the plaintiff a commission for procuring Regal Cinemas, Inc. (hereinafter the tenant), a national theater

chain, as a tenant in the mall. The Commission Agreement provided that the commission would be payable in three installments. The defendant did not make any payments after the plaintiff procured the tenant. Thereafter, the plaintiff commenced this action to recover a brokerage commission pursuant to the Commission Agreement.

The parties subsequently agreed to settle this case on terms and conditions set forth in a Stipulation and Order (hereinafter the Settlement Stipulation) signed by the parties and "so ordered" by the court on July 20, 2000. The Settlement Stipulation required the defendant to make three payments. After making two payments, the defendant failed to pay the final installment. Pursuant to the Settlement Stipulation, the plaintiff moved, in effect, for leave to enter a judgment against the defendant in the principal sum of $131,140 upon its default under the stipulation. The Supreme Court granted the motion and the defendant appeals.

"Stipulations of settlement are essentially contracts and will be construed in accordance with contract principles and the parties' intent" (*Serna v Pergament Distribs.*, 182 AD2d 985, 986). When an agreement between parties is clear and unambiguous on its face, it will be enforced according to its terms and without resort to extrinsic evidence (*see W.W.W. Assoc. v Giancontieri*, 77 NY2d 157, 163). Accordingly, a court "should not, under the guise of contract interpretation, 'imply a term which the parties themselves failed to insert' or otherwise rewrite the contract" (*Lui v Park Ridge at Terryville Assn.*, 196 AD2d 579, 581, quoting *Mitchell v Mitchell*, 82 AD2d 849).

The Settlement Agreement clearly and unambiguously superseded the Commission Agreement and required the defendant to pay the sum of $393,420 in three equal installments in consideration of the plaintiff's agreement to discontinue the action. The Supreme Court properly rejected the defendant's contention that certain provisions of the Commission Agreement were implicit in the Settlement Agreement.

The defendant's remaining contentions are without merit. O'Brien, J.P., Luciano, Townes and Crane, JJ., concur.