In the Matter of WILLIAM R. MAGGI, Appellant, v COUNTY OF SUFFOLK, Appellant, and PATRICK MAHONEY, Respondent. [751 NYS2d 592] —In a hybrid proceeding pursuant to CPLR article 78 to compel the County of Suffolk and Patrick Mahoney, as Sheriff of the County of Suffolk, to implement and abide by certain grievance determinations, and an action for a judgment declaring that the County of Suffolk and Patrick Mahoney, as Sheriff of the County of Suffolk, are in violation of the collective bargaining agreement between the County of Suffolk and the Suffolk County Correctional Officers Association, Inc., the petitioner appeals, and the County of Suffolk separately appeals, from a judgment of the Supreme Court, Suffolk County (Whelan, J.), dated June 6, 2001.

Ordered that the appeal by the petitioner is dismissed as abandoned, without costs or disbursements (see 22 NYCRR 670.8 [c] [1]; [e]); and it is further,

Ordered that the judgment is reversed, on the law and as a matter of discretion, without costs or disbursements, and the hybrid proceeding and action is discontinued.

The Supreme Court abused its discretion in dismissing the petition on the basis that the grievance determinations of David S. Greene, Director of Personnel and Labor Relations for the County of Suffolk, were untimely. The evidence established that the parties to the collective bargaining agreement, the County of Suffolk and the Suffolk County Correctional Officers Association, Inc. (hereinafter SCCOA), orally agreed to the modification of the time limits within which Greene had to render his determinations. Since the collective bargaining agreement did not contain an express prohibition against oral modification of its provisions, the oral agreement to modify the time limits was enforceable (see *Merrill Lynch Realty Assoc. v Burr,* 140 AD2d 589).

Moreover, in determining that the oral modification of the time limits was not enforceable absent notification to Patrick Mahoney, as Sheriff of the County of Suffolk (hereinafter the Sheriff), who was not a party to the collective bargaining agreement, the Supreme Court improperly implied a term into the

agreement which the County and SCCOA did not include (*see Charter Realty & Dev. Corp. v New Roc Assoc.,* 293 AD2d 438; *Lui v Park Ridge at Terryville Assn.,* 196 AD2d 579). Further, it cannot be said that the Sheriff was in any way prejudiced by the modification of the time limits, since the untimeliness of the grievance determinations merely affected the right to commence arbitration, which right was reserved to the County, the SCCOA, and the aggrieved employees.

While we would otherwise remit this matter to the Supreme Court, Suffolk County, to resolve certain factual issues, at oral argument of this appeal, the parties stated that the factual issues have been settled and requested that the hybrid proceeding and action be discontinued. Under the particular circumstances of this case, such a disposition of this matter at this point is appropriate. Santucci, J.P., Schmidt, Townes and Mastro, JJ., concur.