■ In the Matter of Fox Ridge Motor Inn, Inc., et al., Respondents, v Town of Southeast, New York, et al., Appellants. [925 NYS2d 120]—

In a hybrid proceeding, inter alia, pursuant to CPLR article 78 to review a determination of the Building Inspector of the Town of Southeast dated June 25, 2009, revoking a building permit for construction of a hotel at 7-11 Peach Lake Road in Brewster, and action for declaratory relief, the Town of Southeast, New York, and Michael Levine, in his official capacity as Building Inspector of the Town of Southeast, appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Westchester County (Zambelli, J.), entered March 5, 2010, as granted the petition to the extent of finding, inter alia, that the revocation of the building permit was arbitrary and capricious and in error of law and directing that the building inspector reinstate the permit with a six-month extension of time for its expiration and, in effect, declared that the building permit issued to the petitioners/plaintiffs was valid.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

In July 1997, a hotel owned and operated by the petitioner/plaintiff Fox Ridge Motor Inn, Inc. (hereinafter Fox Ridge), in

Brewster, in the Town of Southeast, was destroyed by an explosion, and the building was later torn down. In 2001, Fox Ridge's application for a building permit to reconstruct the hotel was denied by the Town Building Department, and Fox Ridge appealed to the Town's Zoning Board of Appeals (hereinafter the ZBA). The ZBA denied the appeal, and Fox Ridge commenced a CPLR article 78 proceeding challenging the ZBA's determination. In the interim, the Town rezoned the subject premises so that a hotel was no longer a permitted use. On February 22, 2005, Fox Ridge and the ZBA entered into a stipulation of settlement, to which the Town was a party. The stipulation of settlement was so-ordered by the Supreme Court and entered on February 23, 2005. Pursuant to the terms of the stipulation of settlement, Fox Ridge was to apply for a building permit for the reconstruction of the hotel by submitting a specific set of plans to the building inspector, and the Town was to issue a building permit. Fox Ridge submitted building plans and, on or about August 3, 2006, the building inspector issued a building permit. Subsequently, Fox Ridge entered into a ground lease for the premises with Fox Ridge Hotels & Suites, LLC (hereinafter Hotels & Suites).

On June 25, 2009, the building inspector revoked the building permit on the ground, among others, that Fox Ridge failed to obtain the approval of the Town Architectural Review Board (hereinafter ARB). Fox Ridge and Hotels & Suites (hereinafter together the petitioners/plaintiffs) then commenced the instant CPLR article 78 proceeding/declaratory judgment action, among other things, challenging that determination. By judgment entered March 5, 2010, the Supreme Court, inter alia, found that the building inspector's determination revoking the building permit was arbitrary and capricious and in error of law, directed that the permit be reinstated, and, in effect, declared that the building permit issued to the petitioners/plaintiffs was valid.

The Supreme Court properly determined that the building inspector's determination revoking the building permit was arbitrary and capricious and affected by an error of law (see CPLR 7803 [3]). A so-ordered stipulation is a contract between the parties thereto and, as such, is binding on them and will be construed in accordance with contract principles and the parties' intent (see Orra Realty Corp. v Gillen, 76 AD3d 1056, 1058 [2010]; Aivaliotis v Continental Broker-Dealer Corp., 30 AD3d 446, 447 [2006]). As with the interpretation of any contract, the stipulation must be read as a whole to determine the parties' purpose and intent, giving a practical interpretation to the

language employed so that the parties' reasonable expectations are realized (see *Aivaliotis v Continental Broker-Dealer Corp.*, 30 AD3d at 447; *Camelot of Staten Is., Inc. v Metropolitan Mgt., LLC*, 56 AD3d 505, 505 [2008]). Contrary to the Town's contention, the terms of the stipulation of settlement, read as a whole, did not require Fox Ridge to obtain the approval of the ARB prior to applying for a building permit.

The Town's remaining contentions are either improperly raised for the first time on appeal or without merit. Dillon, J.P., Belen, Sgroi and Miller, JJ., concur.