■ In the Matter of JAMES J. O'ROURKE, JR., Deceased. MARY L. O'ROURKE, Appellant; JAMES J. O'ROURKE III, Respondent. [951 NYS2d 181]—

In a probate proceeding in which Mary L. O'Rourke, the surviving spouse of the decedent, James J. O'Rourke, Jr., petitioned to compel the executor of the decedent's estate to comply with a stipulation of settlement referable to the executor's accounting, Mary L. O'Rourke appeals, as limited by her brief, from so much of an order of the Surrogate's Court, Suffolk County (Weber, S.), dated October 21, 2011, as, upon reargument, adhered to the original determinations in an order of the same court dated May 17, 2011, granting that branch of her motion which was to compel the executor to distribute to her the sum of $69,913.52 only to the extent of directing the executor to distribute to her the sum of $12,415.05, and otherwise denying that branch of her motion, and denying those branches of her motion which were for an award of an attorney's fee and the imposition of sanctions upon the executor.

Ordered that the order dated October 21, 2011, is modified, on the law, (1) by deleting the provision thereof, upon reargument, adhering to the determination in the order dated May 17, 2011, granting that branch of the appellant's motion which was to compel the executor to distribute to her the sum of $69,913.52 only to the extent of directing the executor to distribute to her the sum of $12,415.05, and otherwise denying that branch of the motion, and substituting therefor a provision, upon reargument, vacating that determination and thereupon granting that branch of the motion to the extent of directing the executor to distribute to her the sum of $67,918.58, and otherwise denying that branch of the motion, and (2) by deleting the provision thereof, upon reargument, adhering to the determination in the order dated May 17, 2011, denying that branch of the appellant's motion which was for an award of an attorney's fee, and substituting therefor a provision, upon reargument, vacating that determination and thereupon granting that branch of the

appellant's motion which was for an award of an attorney's fee; as so modified, the order dated October 21, 2011, is affirmed insofar as appealed from, with costs to the appellant, and the matter is remitted to the Surrogate's Court, Suffolk County, for a determination of an appropriate amount of the award of the attorney's fee.

James J. O'Rourke, Jr. (hereinafter the decedent) died on February 26, 2008. He was survived by his second wife, Mary L. O'Rourke (hereinafter the appellant), and, among other children, by his son James J. O'Rourke III (hereinafter the executor), who was appointed executor of his estate. The appellant filed a right of election against the estate, and she also filed objections to the account that the executor submitted in January 2010 for judicial settlement, alleging that she was entitled to approximately $1,500,000 from the estate. On September 2, 2010, the appellant and the executor settled the appellant's objections by entering into a stipulation of settlement (hereinafter the stipulation), which the parties placed on the record in open court. The stipulation provided, inter alia, that the appellant would receive the sum of $1,100,000 in settlement of her elective share and claims against the estate, to be paid in a series of installments. The stipulation set forth the amount of each installment and the date by which it would be paid. As relevant here, the initial installment, in the sum of $33,000, was to be paid on or before September 8, 2010, and a second installment, in the sum of $475,000, was to be paid on or before December 31, 2010. The appellant and the executor also agreed that the appellant and the estate would each be responsible for their own debts.

The executor timely paid the full amount of the initial installment. In or about December 2010, the Surrogate issued a decree in connection with the executor's account, which incorporated an attached supplemental account. The decree provided, in relevant part, "that there be paid to MARY O'ROURKE the sum of ONE MILLION ONE HUNDRED THOUSAND DOLLARS AND NO CENTS ($1,100,000.00), said sum subject to any tax obligations, in full satisfaction of her elective share." The decree then set forth the payment schedule that was contained in the stipulation. It also provided that the appellant would be entitled to a reasonable attorney's fee in the event of the executor's willful default, plus interest from the date of any such default.

On December 30, 2010, the executor made the second installment payment, but he reduced the stipulated amount of $475,000 by $69,913.52. The executor attributed $12,415.05 of the reduction to debts owed by the appellant to the decedent's

car dealership, $57,433.59 to the appellant's share of income taxes, interest, and penalties for tax years 2006, 2007, and 2008, and $64.88 to the appellant's share of the costs of transcribing the stipulation. Several months later, the appellant moved, among other things, to hold the executor in default of the stipulation and to compel him to pay to her the amount he deducted from the second installment.

In an order dated May 17, 2011, the Surrogate found that the executor had improperly withheld the $12,415.05 allegedly owed by the appellant to the car dealership, but denied the appellant's motion insofar as she sought to compel the executor to pay her the amounts the executor attributed to the appellant's share of tax liabilities and the cost of transcribing the stipulation. In the order appealed from, made upon reargument, the Surrogate adhered to his initial determination.

"Stipulations of settlement are essentially contracts and will be construed in accordance with contract principles and the parties' intent" (*Charter Realty & Dev. Corp. v New Roc Assoc.*, 293 AD2d 438, 439 [2002] [internal quotation marks omitted]). "As with the interpretation of any contract, the stipulation must be read as a whole to determine the parties' purpose and intent, giving a practical interpretation to the language employed so that the parties' reasonable expectations are realized" (*Matter of Fox Ridge Motor Inn, Inc. v Town of Southeast, N.Y.*, 85 AD3d 785, 786-787 [2011]; *see Lacorazza v Lacorazza*, 47 AD3d 897, 898 [2008]). "When an agreement between parties is clear and unambiguous on its face, it will be enforced according to its terms and without resort to extrinsic evidence" (*Charter Realty & Dev. Corp. v New Roc Assoc.*, 293 AD2d at 439).

Here, when the executor and the appellant entered into the stipulation, the executor had already paid a large portion of the taxes, interest, and penalties due for years 2006, 2007, and 2008. Specifically, $55,503.53 of the $57,433.59 that the executor withheld as attributable to tax obligations had already been paid. Thus, when the parties entered into the stipulation, that $55,503.53, as between the appellant and the executor, could no longer properly be considered a "tax obligation" (*cf. Bliss v C.I.R.*, 59 F3d 374, 377-378 [1995]), unless the parties otherwise agreed. Nothing in this record supports the executor's contention that the parties otherwise agreed (*cf. Bayer v Bayer*, 80 AD3d 492, 493 [2011]; *Conway v Conway*, 29 AD3d 725, 725-726 [2006]; *Shahidi v Shahidi*, 129 AD2d 627, 630 [1987]; *Swanson v Swanson*, 69 AD2d 878, 878-879 [1979], *revd on other grounds* 52 NY2d 1004 [1981]). The executor, however,

properly withheld the sum of $1,930.06 as attributable to tax obligations, because that amount was the appellant's share of the income tax liability paid to taxing authorities *after* the parties entered into the stipulation. The executor also properly withheld the sum of $64.88 as the appellant's share of the cost of transcribing the stipulation.

In sum, the executor improperly reduced the estate's payment of the second installment by a total of $67,918.58—representing the sums of $12,415.05 that he attributed to the appellant's debt to the car dealership and $55,503.53 that he attributed to the already-paid tax obligations. In light of the nature of the executor's conduct, we conclude that he willfully defaulted on his obligations, as articulated in the stipulation and decree.

Since the stipulation provided that the appellant would be entitled to an award of a reasonable attorney's fee in the event of the executor's willful default on the obligations contained in the stipulation and decree, the matter must be remitted to the Surrogate's Court so that the Surrogate may determine and award a reasonable attorney's fee. We reject the appellant's contention that sanctions are appropriate under the circumstances of this case.

The parties' remaining contentions need not be addressed in light of our determination. Balkin, J.P., Leventhal, Hall and Cohen, JJ., concur.