McLean v Sachem Cent. Sch. Dist. (2020 NY Slip Op 04388)





McLean v Sachem Cent. Sch. Dist.


2020 NY Slip Op 04388


Decided on August 5, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 5, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JOHN M. LEVENTHAL
JOSEPH J. MALTESE
ANGELA G. IANNACCI, JJ.


2018-13902
 (Index No. 19038/12)

[*1]Marilyn McLean, et al., respondents, 
v
Sachem Central School District, appellant, et al., defendant.


Ingerman Smith, LLP, Hauppauge, NY (John H. Gross, Kristen E. Mueller, and Steven A. Goodstadt of counsel), for appellant.
Ray, Mitev & Associates, LLP, Miller Place, NY (Vesselin Mitev of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendant Sachem Central School District appeals from a judgment of the Supreme Court, Suffolk County (Paul J. Baisley, Jr., J.), entered August 21, 2018. The judgment, upon an order of the same court (William B. Rebolini, J.) dated September 15, 2016, inter alia, denying that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant Sachem Central School District and granting that branch of the plaintiffs' cross motion which was for summary judgment on the issue of liability on the cause of action to recover damages for breach of contract insofar as asserted against the defendant Sachem Central School District, is in favor of the plaintiffs and against the defendant Sachem Central School District on the cause of action to recover damages for breach of contract in the principal sum of $243,158.27.
ORDERED that the judgment is reversed, on the law, with costs, that branch of the plaintiffs' cross motion which was for summary judgment on the issue of liability on the cause of action to recover damages for breach of contract insofar as asserted against the defendant Sachem Central School District is denied, and the order dated September 15, 2016, is modified accordingly.
The plaintiffs were formerly employed by the defendant Sachem Central School District (hereinafter the District) as school nurses. During their employment, the plaintiffs were members of the Sachem School Nurses Association (hereinafter the Association). In 2001, the District and the Association entered into a collective bargaining agreement (hereinafter CBA), effective through June 30, 2003, which provided, among other things, that nurses with 10 or more years of service upon retirement would be provided a "terminal leave allowance" calculated at the nurse's per diem salary at the time of separation "x ½ the number of accrued sick leave days." A successive CBA effective from July 1, 2003, through June 30, 2006, contained the same term. In 2007, the Association and the District entered into a memorandum of agreement (hereinafter MOA), agreeing to modify certain terms of the 2003-2006 CBA and to otherwise retain all other provisions of that agreement. The MOA did not provide for modification of the "terminal leave allowance" provision. Nevertheless, the CBA executed for the period July 1, 2006, through June 30, 2009, provided that "terminal leave allowance" would be calculated at "x 2 the number of accrued sick leave days." The same provision appeared in the 2009-2013 CBA.
The District subsequently sent a letter dated February 29, 2012, to Stephanie Bland, then president of the Association, indicating that the operative CBA contained a "misprint" in the "terminal leave allowance" provision and that the "terminal leave allowance" was to be calculated at "x ½ the number of accrued sick leave days." Bland signed a copy of the letter in her capacity as president of the Association, and a copy of the letter was provided to the plaintiffs before they retired, respectively, in April and June 2012.
The plaintiffs subsequently commenced this action, inter alia, to recover damages against the District for breach of contract, based upon the District's position that the plaintiffs' "terminal leave allowance" would be calculated at "x ½ the number" of their accrued sick leave days. As relevant here, following discovery, the District moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against it. In support of its motion, the District submitted the affidavits of two former presidents of the Association who both averred that the Association never negotiated for the "x 2" provision and that no Association members who retired under either the 2006-2009 CBA or the 2009-2013 CBA, including one of the former presidents herself, received payout for sick leave at a rate of "x 2" the accrued sick leave. The plaintiffs cross-moved, inter alia, for summary judgment on the issue of liability on the breach of contract cause of action insofar as asserted against the District. In an order dated September 15, 2016, the Supreme Court, inter alia, denied that branch of the District's motion and granted that branch of the plaintiffs' cross motion. A judgment was entered upon the order, and the District appeals from the judgment.
Initially, the District waived its contention that the plaintiffs lacked standing to maintain this action by failing to assert that defense in its answer or in a pre-answer motion to dismiss (see CPLR 3211[e]; Wells Fargo Bank Minn., N.A. v Mastropaolo, 42 AD3d 239, 242).
Contrary to the Supreme Court's determination, the plaintiffs were not entitled to judgment as a matter of law on the breach of contract cause of action insofar as asserted against the District, as they failed to eliminate triable issues of fact regarding whether the provision for calculating the "terminal leave allowance" at "x 2 the number of accrued sick leave days" was a scrivener's error that was corrected by the parties to the contract prior to the plaintiffs' retirement (cf. Matter of Maggi v County of Suffolk, 300 AD2d 489, 489; see generally Alvarez v Prospect Hosp., 68 NY2d 320; Zuckerman v City of New York, 49 NY2d 557). In light of these triable issues of fact, the District also was not entitled to summary judgment dismissing that cause of action insofar as asserted against it.
The District's contention regarding exhaustion of administrative remedies, raised for the first time on appeal, is not properly before this Court.
The District's remaining contention is without merit.
BALKIN, J.P., LEVENTHAL, MALTESE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court