Consumer Protection Restoration, LLC v Hickory House Tenants Corp. (2025 NY Slip Op 01348)

Consumer Protection Restoration, LLC v Hickory House Tenants Corp.

2025 NY Slip Op 01348

Decided on March 12, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 12, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
LINDA CHRISTOPHER
BARRY E. WARHIT
CARL J. LANDICINO, JJ.

2020-04083
2020-04920
 (Index No. 31285/18)

[*1]Consumer Protection Restoration, LLC, et al., plaintiffs-appellants, 
v
Hickory House Tenants Corp., respondent, National Billing and Funding, LLC, defendant-appellant.

Munzer & Saunders, LLP, New York, NY (Craig A. Saunders of counsel), for plaintiffs-appellants and defendant-appellant.
Wayne A. Gavioli, P.C., Nanuet, NY, for respondent.

DECISION & ORDER
In an action, inter alia, to foreclose two mechanic's liens and to recover damages for breach of contract and unjust enrichment, the plaintiffs and the defendant National Billing and Funding, LLC, appeal from (1) an order of the Supreme Court, Rockland County (Paul I. Marx, J.), dated March 25, 2020, and (2) an order of the same court dated April 17, 2020. The order dated March 25, 2020, insofar as appealed from, denied that branch of the motion of the plaintiffs and the defendant National Billing and Funding, LLC, which was for summary judgment on the unpleaded cross-claims of the defendant National Billing and Funding, LLC, for default interest, late fees, attorneys' fees, and costs associated with a certain mortgage loan owed by the defendant Hickory House Tenants Corp. and granted that branch of the motion of the defendant Hickory House Tenants Corp. which was for summary judgment on its counterclaim pursuant to Lien Law §§ 39 and 39-a to declare the subject mechanic's liens void on the ground that they were willfully exaggerated and for damages and an award of attorneys' fees. The order dated April 17, 2020, upon the granting of that branch of the motion of the defendant Hickory House Tenants Corp. which was for summary judgment on its counterclaim pursuant to Lien Law §§ 39 and 39-a to declare the subject mechanic's liens void on the ground that they were willfully exaggerated and for damages and an award of attorneys' fees, directed the Rockland County Clerk to expunge all of the related documents that were filed by the plaintiffs against the defendant Hickory House Tenants Corp. in connection with the subject mechanic's liens upon their discharge.
ORDERED that the appeals by the plaintiffs from so much of the order dated March 25, 2020, as granted that branch of the motion of the defendant Hickory House Tenants Corp. which was for summary judgment on its counterclaim pursuant to Lien Law §§ 39 and 39-a to declare the subject mechanic's liens void on the ground that they were willfully exaggerated and for damages and an award of attorneys' fees and from the order dated April 17, 2020, are dismissed; and it is further,
ORDERED that the appeal by the defendant National Billing and Funding, LLC, from so much of the order dated March 25, 2020, as granted that branch of the motion of the defendant [*2]Hickory House Tenants Corp. which was for summary judgment on its counterclaim pursuant to Lien Law §§ 39 and 39-a to declare the subject mechanic's liens void on the ground that they were willfully exaggerated and for damages and an award of attorneys' fees is dismissed, as the defendant National Billing and Funding, LLC, is not aggrieved by that portion of the order (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144, 156-157); and it is further,
ORDERED that the appeal by the defendant National Billing and Funding, LLC, from the order dated April 17, 2020, is dismissed, as that defendant is not aggrieved by the order (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d at 156-157); and it is further,
ORDERED that the order dated March 25, 2020, is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the defendant Hickory House Tenants Corp. payable by the plaintiffs and the defendant National Billing and Funding, LLC.
On March 11, 2017, a fire occurred at a residential cooperative apartment complex (hereinafter the apartment complex) owned by the defendant Hickory House Tenants Corp. (hereinafter Hickory House), resulting in the complete destruction of Building A and the damaging of Building B of the apartment complex. On the date of the fire, the former president of the board of directors of Hickory House entered into separate contracts with the plaintiff Consumer Protection Restoration, LLC, to perform hazardous demolition and mitigation services, and with the plaintiff Prestige Realty Group, Inc., to perform demolition and construction services at the apartment complex. The plaintiffs allegedly performed services under the contracts from March 11, 2017, through January 19, 2018, until a newly elected board of directors of Hickory House demanded that the plaintiffs cease performing any further work because of the lack of any meaningful progress in the rebuilding of Building A, among other reasons. The plaintiffs alleged that Hickory House failed to pay them for their services despite their demand for payment. Consequently, the plaintiffs each filed a mechanic's lien against Hickory House with the Rockland County Clerk in the respective amounts of $1,543,257.16 and $3,694,746.83.
The plaintiffs commenced this action against Hickory House and the defendant National Billing and Funding, LLC (hereinafter NBF), inter alia, to foreclose the mechanic's liens and to recover damages for breach of contract and unjust enrichment. The plaintiffs did not assert any causes of action against NBF, the apartment complex's mortgagee pursuant to an assignment to NBF of a mortgage loan owed by Hickory House, as NBF was named only as a nominal party pursuant to Lien Law § 44(2).
In its answer, Hickory House, among other things, asserted a counterclaim against the plaintiffs pursuant to Lien Law § 39 to declare the mechanic's liens void on the ground that they were willfully exaggerated and pursuant to Lien Law § 39-a for damages and an award of "reasonable attorney[s'] fees for services in securing the discharge of the lien[s]" (hereinafter the first counterclaim). The plaintiffs and NBF jointly replied to the first counterclaim. However, NBF did not assert any cross-claims against Hickory House in its answer (see id.).
The plaintiffs and NBF, which share the same principal and which have been represented by the same counsel throughout this action, jointly moved, inter alia, for summary judgment on NBF's unpleaded cross-claims for default interest, late fees, attorneys' fees, and costs associated with the mortgage loan owed by Hickory House. Hickory House, among other things, opposed that branch of the motion of the plaintiffs and NBF, and moved, inter alia, for summary judgment on the first counterclaim. By order dated March 25, 2020, the Supreme Court, among other things, denied that branch of the motion of the plaintiffs and NBF which was for summary judgment on NBF's unpleaded cross-claims for default interest, late fees, attorneys' fees, and costs associated with the mortgage loan owed by Hickory House and granted that branch of Hickory House's motion which was for summary judgment on the first counterclaim in amounts to be determined at trial. Subsequently, in an order dated April 17, 2020, the court, upon the granting of that branch of Hickory House's motion which was for summary judgment on the first counterclaim, [*3]directed the Rockland County Clerk to expunge all of the related documents that were filed by the plaintiffs against Hickory House with the mechanic's liens upon their discharge. The plaintiffs and NBF appeal from both orders.
The appeals by the plaintiffs from so much of the order dated March 25, 2020, as granted that branch of Hickory House's motion which was for summary judgment on the first counterclaim and from the order dated April 17, 2020, must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised by the plaintiffs on these appeals are brought up for review and have been considered on the related appeal from the judgment (see CPLR 5501[a][1]; Consumer Protection Restoration, LLC v Hickory House Tenants Corp., _____ AD3d _____ [Appellate Division Docket No. 2023-01105; decided herewith]).
The Supreme Court properly denied that branch of the motion of the plaintiffs and NBF which was for summary judgment on NBF's unpleaded cross-claims for default interest, late fees, attorneys' fees, and costs associated with the mortgage loan owed by Hickory House on the ground that NBF did not assert cross-claims against Hickory House for such relief and did not preserve its demand for such relief in a so-ordered stipulation of settlement dated July 19, 2019 (hereinafter the stipulation of settlement), between the plaintiffs, NBF, and Hickory House in connection with the instant action and a separate action commenced by NBF against, among others, Hickory House to foreclose the mortgage. "A stipulation of settlement is a contract subject to principles of contract interpretation" (Pawling Lake Prop. Owners Assn., Inc. v Greiner, 72 AD3d 665, 667 [internal quotation marks omitted]; see Matter of Fox Ridge Motor Inn, Inc. v Town of Southeast, N.Y., 85 AD3d 785). Here, the clear and unambiguous terms of the stipulation of settlement failed to state that NBF's claims for default interest, late fees, attorneys' fees, and costs associated with the mortgage loan owned by Hickory House in the separate foreclosure action shall be addressed in this action. Further, while "'summary judgment may be awarded on an unpleaded cause of action if the proof supports such cause and if the opposing party has not been misled to its prejudice'" (FPG CH 94 Amity, LLC v Pizzarotti, LLC, 218 AD3d 654, 655, quoting Rubenstein v Rosenthal, 140 AD2d 156, 158), the plaintiffs and NBF failed to meet their burden of proof under the circumstances. Accordingly, the court correctly denied that branch of the motion of the plaintiffs and NBF which was for summary judgment on NBF's unpleaded cross-claims for default interest, late fees, attorneys' fees, and costs associated with the mortgage loan owed by Hickory House.
BARROS, J.P., CHRISTOPHER, WARHIT and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court